Matter of Gerardi
2026 NY Slip Op 03607
June 5, 2026
Appellate Division, Fourth Department
Opinion And Order
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

MATTER OF JOSEPH B. GERARDI, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
—
Present: Curran, J.P., Bannister, Montour, And Hannah, JJ. (Filed June 5, 2026.)
[*1]
OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 15, 1987. His business address on file with the Office of Court Administration is located in Fayetteville. In October 2018, the Grievance Committee advised this Court that, in July 2018, respondent was convicted, upon a jury verdict in the United States District Court for the Southern District of New York, of three felony counts: wire fraud in violation of 18 USC § 1343; conspiracy to commit wire fraud in violation of 18 USC § 1349; and knowingly making a materially false statement to a federal official in violation of 18 USC § 1001 (a) (2). The conviction was based on a superseding indictment alleging that respondent, as co-owner and general counsel of a Syracuse-based real estate development company, conspired with several others to engage in bid-rigging to obtain development contracts related to the Buffalo Billion initiative. It was alleged that the scheme involved, inter alia, conspiring with a government representative to draft requests for proposals that afforded an unfair advantage to respondent's company. It was further alleged that, in 2016, respondent made materially false statements to federal officials during a proffer session related to the government's investigation of the bid-rigging scheme.
By order entered November 9, 2018, this Court determined that respondent had been convicted of a "serious crime," suspended him from the practice of law on an interim basis, and directed him to show cause why a final order of discipline should not be entered, pursuant to Judiciary Law § 90 (4). Respondent's counsel thereafter advised this Court that, on December 6, 2018, the District Court sentenced respondent to incarceration for a period of 30 months, followed by a two-year period of supervised release, and directed him to pay a fine in the amount of $500,000.
Respondent thereafter requested numerous adjournments of the return date of this Court's show cause order, while he and his co-defendants sought appellate review of their convictions. After certain proceedings before the United States Court of Appeals for the Second Circuit, the United States Supreme Court vacated respondent's judgment of conviction based on challenges to the wire fraud theories proffered by the government at trial (see Aiello v United States, — US —, —, 143 S Ct 2491, 2491 [2023]). On remand, the Second Circuit affirmed respondent's conviction for violating 18 USC § 1001 (a) (2) (see United States v Aiello, 118 F4th 291, 307 [2d Cir 2024], cert denied sub nom. Ciminelli v United States, — US —, 145 S Ct 2814 [2025]). Respondent states that, after the government announced its intention to retry the wire fraud counts, he resolved those charges in December 2025 by entering a plea of guilty to one count of conspiracy to commit wire fraud in violation of 18 USC § 1349, a federal felony. The parties have advised this Court that respondent's guilty plea to the wire fraud conspiracy charge in 2025 concerns the same conduct that formed the basis of the wire fraud conspiracy alleged in the superseding indictment. In December 2025, the District Court resentenced respondent to time served and directed him to pay a fine in the amount of $500,000.
In determining an appropriate sanction, we have considered respondent's submissions in mitigation, including his expression of remorse and numerous written statements of support from [*2]family members, colleagues, and members of his community attesting to his good character. However, we conclude that the relevant aggravating factors far outweigh the relevant mitigating factors. Respondent stands convicted of two federal felonies, both of which are serious crimes under Judiciary Law § 90 (4) (d). Moreover, the record indicates that respondent used his legal skills, at least in part, to rig bids and secure taxpayer-funded construction projects for his company totaling approximately $105 million. Respondent thereafter sought to conceal the misconduct by misleading federal officials during their investigation of the matter. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred, effective nunc pro tunc to November 9, 2018.